## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>**ERIC ANTHONY DAVIS,**<br><br>Defendant. | CRIMINAL CASE NO. **CF0332-23**<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Defendant Eric Anthony Davis's ("Defendant") Motion to Determine Sentencing Range for Violations of 9 G.C.A. § 67.401.1. Deputy Public Defender John P. Morrison represents Defendant and Assistant Attorney General Kathleen O'Neil represents the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On May 18, 2023, Defendant was indicted with one count of Possession with Intent to Deliver a Schedule II Controlled Substance (As a First Degree Felony) and one count of Possession of a Schedule II Controlled Substance (As a Third Degree Felony). (Indictment, May 18, 2023). Both felony charges also have an attached Notice: Commission of a Felony While on Felony Release. *Id.* The charges stem from allegations that Defendant was in possession of seven (7) resealable baggies containing 2.47 gross grams of suspected methamphetamine along with

other drug paraphernalia after the execution of a traffic stop on or about May 10, 2023. (Decl. of Renaida Z. San Nicolas, Magistrate's Compl., May 11, 2023).

On October 18, 2024, Defendant filed the instant Motion. On October 31, 2024, the Government filed its Response. On November 8, 2024, Defendant filed his Reply.

On November 19, 2024, the Court heard arguments on the Motion and subsequently placed the matter under advisement.

## DISCUSSION

At issue before the Court is the applicable sentencing range for violations of 9 G.C.A. § 67.401.1. There is no dispute as to the sentencing range applicable for the Second Charge of Possession of a Schedule II Controlled Substance (As a Third Degree Felony) or the Notice: Commission of a Felony While on Felony Release set forth in the Indictment. As an initial matter, the Court acknowledges that Public Law 37-113 was signed into law on July 22, 2024. Public Law 37-113 amended 9 G.C.A. § 67.401.4(a) by adding sentencing guidelines based on purity and weight of controlled substances (fentanyl, fentanyl analogue, and methamphetamine) and removed the applicability of the Justice Safety Valve Act. This Decision and Order only applies to violations of section 67.401.1 *prior* to the enactment of Public Law 37-113.

Statutory interpretation is a legal question and the Court's inquiry begins with the language of the statute. "The plain meaning will prevail where there is no clearly stated legislative intent to the contrary." *People v. Robert*, 2019 Guam 2 ¶ 10 (citing *Data Mgmt. Res., LLC v. Office of Pub. Accountability*, 2013 Guam 27 ¶ 17). "[I]n determining legislative intent, a statute should be read as a whole, and therefore, courts should construe each section in conjunction with other sections." *Data Mgmt. Res., LLC v. Off. of Pub. Accountability*, 2013 Guam 27 ¶ 17 (quoting *Sumitomo Constr. Co. v. Gov't of Guam*, 2001 Guam 23 ¶ 17). *See also Amerault v. Intelcom Support Servs., Inc.*, 2004 Guam 23 ¶ 14 ("In determining the plain meaning of a statutory provision, we look to the meaning of the entire statutory scheme containing the provision for guidance.").

In this case, the Government argues that Defendant should be sentenced pursuant to 9 G.C.A. § 67.401.4(a) and subject to a sentencing range of twenty to thirty years of imprisonment,

while Defendant argues he should be sentenced pursuant to 9 G.C.A. § 67.401.4(e) and subject to a sentencing range of zero to five years of imprisonment as he does not have any prior drug convictions. Section 67.401.4 is entitled Prison Terms for Drug Offenders and sets forth various sentencing provisions for a defendant convicted of violating 9 G.C.A. § 67.401.1, Possession for Illegal Delivery, Dispensing or Manufacturing. Section 67.401.4 includes fifteen (15) subsections within it (67.401.4(a) – 67.401.4(o)). Each of these subsections provides sentencing guidelines depending on the factors of the case, with the exception of section 67.401.4(k) which was repealed by P.L. 35-005 (Apr. 4, 2019). The Court finds it appropriate to consider section 67.401.4(a) within the broader statutory scheme. *See Data Mgmt. Res., LLC,* 2013 Guam 27 ¶ 17; *Amerault,* 2004 Guam 23 ¶ 14.

Defendant is charged with possessing a Schedule II Controlled Substance with intent to deliver. Schedule II Controlled Substances are listed in Appendix B of the Guam Uniform Controlled Substances Act ("GUCSA").[1] *See* 9 G.C.A. § 67.205 (2022) ("Unless specifically excepted by Guam or Federal law, or Guam or Federal regulation, or more specifically included in another schedule, Schedule II controlled substances are listed in Appendix B of this Act."). Not all Schedule II Controlled Substances are narcotic drugs under the GUCSA. The GUCSA sets forth that Narcotic drug means any of the following, however manufactured:

(1) Opium, opium derivative and any derivative of either, including any salts, isomers and salts of isomers of them that are theoretically possible within the specific chemical designation, but not isoquinoline alkaloids of opium;

(2) synthetic opiate and any derivative of synthetic opiate, including any isomers, esters, ethers/salts, and salts of isomers, esters, and ethers of them that are theoretically possible within the specific chemical designation;

(3) poppy straw and concentrate of poppy straw;

(4) coca leaves, except coca leaves and extracts of coca leaves from which cocaine, ecgonine and derivatives of ecgonine, or their salts, have been removed;

(5) cocaine, or any salt, isomer or salt of isomer of cocaine;

(6) cocaine base;

(7) ecgonine, or any derivative, salt, isomer or salt of isomer of ecgonine; and

---

[1] Methamphetamine and amphetamine are listed as stimulants under Appendix B. *See* 9 G.C.A. Chapter 67, Appendix B(C)(1) & (2) (2022).

(8) compound, mixture or preparation containing any quantity of a substance listed in this Paragraph.

9 G.C.A. § 67.101(u) (2022). Thus, under the GUCSA, a Schedule II Controlled Substance can be a narcotic *or* a non-narcotic drug.

Section 67.401.4(a) provides that any person who is convicted of an offense pursuant to 67.401.1 of the GUCSA shall be sentenced as follows:

> If he is guilty of an offense pursuant [to] § 67.401.1(b)(1) of this Act, he shall be sentenced to imprisonment for not less than twenty (20) nor more than thirty (30) years, and may, in addition, be fined not more than Fifty Thousand Dollars ($50,000). The sentence shall include a special parole term of not less than three (3) years, in addition to such term of imprisonment. Imposition or execution of such sentence shall not be suspended and probation shall not be granted. Parole or work release shall not be granted to the offender until he has served at least twenty (20) years of his sentence of imprisonment.

9 G.C.A. § 67.401.4(a) (2022). As Section 67.401.4(a) references section 67.401.1(b)(1), it applies to Schedule I, II, or III Controlled Substances. *See* 9 G.C.A. § 67.401.1(b)(1) ("Any person who violates subsection (a) with respect to a substance classified in Schedule I, II, or III shall be guilty of a felony of the first degree and shall not be eligible for work release or educational programs outside the confines of prison."). Section 67.401.4(a), however, is not the only subsection addressing Schedule I, II, or III Controlled Substances[2] for intent to deliver cases, and the Court finds that it cannot be read in isolation. Section 67.401.4(b) contemplates violations of section 67.401.1(b)(1) for those with prior convictions for narcotic drugs and provides a sentence of life imprisonment without the possibility of parole. 9 G.C.A. § 67.401.1(b)(1) (2022). Section 67.401.4(e) provides that any person who is convicted of an offense pursuant to 67.401.1 of this Act shall be sentenced as follows:

> If he is guilty of an offense **involving a controlled substance listed in Schedule I or II of this Act <u>which is not a narcotic drug or a controlled substance listed in Schedule III</u> of this** Act he shall be sentenced to a term of imprisonment of not more than five (5) years and may be fined not more than Fifteen Thousand Dollars

---

[2] Schedule IV Controlled Substances are addressed in 9 G.C.A. §§ 67.401.4(g) and (h). Schedule V Controlled Substances are addressed in 9 G.C.A. §§ 67.401.4(i) and (j).

($15,000.00). The sentence shall include a special parole term of not less than two (2) years in addition to such term of imprisonment. Imposition or execution of such sentence shall not be suspended and probation shall not be granted.

9 G.C.A. § 67.401.4(e) (2022) (emphasis added). This section clearly refers to sentencing provisions for non-narcotic Schedule I and II Controlled Substances. Section 67.401.4(f) contemplates offenses of 9 G.C.A. § 67.401.1 involving Schedule I or II non-narcotic drugs where the offender has a prior drug conviction and sets forth that they may be sentenced up to ten (10) years.[3]

Viewing 9 G.C.A. § 67.401.4 in its entirety, the Court concludes that subsections (a), (b), (c) and (d) refer to violations involving narcotic drugs. For example section 67.401.4(d) sets forth that "[t]he imposition of a minimum term of imprisonment and the prohibitions against suspension of sentence and requirement for service of a minimum term of imprisonment prior to granting parole as **prescribed by Subsections (a), (b) and (c)** of this Section shall not apply in the case of a person whom the court determines violated § 67.401.1(a) of this Act **for the primary purpose of enabling him to obtain a narcotic drug which he requires for his personal use because of his addiction to such drug."** 9 G.C.A. § 67.401.4(d) (2022) (emphasis added). Section 67.401.4(m) also provides that narcotic drug offenders may qualify for a reduction of their sentence up to "twenty percent (20%) of the minimum term established by law of a person sentenced pursuant to Subsections (a), (b) or (c)" if the Court, after consultation with the Attorney General "finds such person was a pusher and if such pusher offers credible and necessary evidence as to the identity of his supplier, supervisor, or as to the source of his supply of drugs." 9 G.C.A.

---

[3] Section 67.401.4(f) provides that:

> If he is guilty of an offense involving a controlled substance listed in Schedule I or II of this Act which is not a narcotic drug or a controlled substance in Schedule III of this Act and if he has been convicted of one (1) or more prior offenses punishable under the provisions of Subsection (e) of this Section, a felony under any provision of this Act, any law of the United States, a state or foreign jurisdiction relating to narcotic drugs or depressant or stimulant substances and one to a term of imprisonment of not more than ten (10) years and, in addition, may be fined not more than Thirty Thousand Dollars ($30,000.00). The sentence *shall* include a special parole term of at least two (2) years in addition to such term of imprisonment.

9 G.C.A. § 67.401.4(f) (2022).

*People v. Davis*
Case No. CF0332-23
Decision and Order

§ 67.401.4(m) (2022). Additionally, in sections 67.401.4(f) and 67.401.4(h), the Legislature acknowledges there is differentiation in certain types of drugs, with the law referencing "narcotic drugs *or* depressant *or* stimulant substances." 9 G.C.A. §§ 67.401.4(f); 67.401.4(h) (2022) (emphasis added).

In sum, Defendant is accused in this matter of possessing an amphetamine-based substance with intent to deliver. Section 67.101(u) plainly does not categorize methamphetamine or amphetamine as narcotic drugs. *See* 9 G.C.A. § 67.101(u) (2022). Methamphetamine and amphetamine are classified as Schedule II Controlled Substances. *See* 9 G.C.A. § 67.205; Appendix B(c) (2022). In reading the statute as a whole, *see Sumitomo Constr. Co.*, 2001 Guam 23, because methamphetamine and amphetamine *are not listed as narcotic drugs,* the applicable sentencing provisions for possession with intent to deliver a non-narcotic schedule II Controlled Substance are found in 9 G.C.A. § 67.401.4(e) and 9 G.C.A § 67.401.4(f). Therefore, the Court finds it clear under a plain reading of the statute that 9 G.C.A. § 67.401.4(e) applies to violations of 9 G.C.A. § 67.401.1(a) involving an amphetamine-based substance or methamphetamine, a non-narcotic drug, for offenders with no prior drug conviction(s). Title 9 G.C.A. section 67.401.4(f) applies to violations of 9 G.C.A. § 67.401.1(a) involving an amphetamine-based substance or methamphetamine, a non-narcotic drug, for offenders with a prior drug conviction.[4]

The Court also notes that this interpretation is in line with the Legislature's sentencing guidelines set forth for importation of a controlled substance. Under the GUCSA, importation of a Schedule I, II Controlled Substance or any narcotic drug listed in Schedules III, IV or V is a First Degree Felony. 9 G.C.A. § 67.601(a) (2022). The sentencing provision for importation of

---

[4] The Court finds that subsection (f) is not restricted to those who have previous convictions for Possession of a Schedule II Controlled Substance with Intent to Deliver. Section 67.401.4(f) applies if a defendant "has been convicted of one (1) or more prior offenses punishable under the provisions of Subsection (e) of this Section, a felony under any provision of this Act, any law of the United States, a state or foreign jurisdiction relating to narcotic drugs or depressant or stimulant substances and one (1) or more of the convictions are final. . ." 9 G.C.A. § 67.401.4(f) (2022). The Court finds it clear that the quoted portion is phrased as a list, where in addition to "prior offenses punishable under the provisions of Subsection (e) of this Section," convictions for a felony "under any provision of this Act" (the Guam Uniform Controlled Substances Act) or "any law of the United States, a state of foreign jurisdiction relating to narcotic drugs or depressant or stimulant substances" may also cause subsection (f) to apply.

*People v. Davis*
Case No. CF0332-23
Decision and Order

a "controlled substance *other than a narcotic drug* listed in Schedules I, II, III, IV or IV shall be imprisoned for not less than three (3) years nor more than (10) years." 9 G.C.A. § 67.401.9(b)(3) (2022) (emphasis added). In contrast, the sentencing range for importation of controlled substances that are narcotic drugs is twenty (20) to thirty (30) years. 9 G.C.A. § 67.401.9(b)(1) (2022).

The Government argues that Defendant "urges the Court to impose a sentence of the range which would punish that offense less severely than a simple possession conviction." (Opp'n at 2). The Court notes, however, that generally, defendants charged with Possession of a Schedule II Controlled Substance without any prior drug conviction(s) or other disqualifying charge(s) are eligible for deferred probation and entry into Adult Drug Court or Early Intervention (formerly Adult Drug Court III) where their cases will ultimately be dismissed and expunged. *See, e.g.*, 9 G.C.A. § 67.412 (2022). Title 9 G.C.A. section 67.401.4(d) also provides that the imposition of a minimum term of imprisonment and the prohibition against suspension of sentence proscribed in 9 G.C.A. § 67.401.4(a), (b), and (c), "shall not apply in the case of a person whom the court determines violated § 67.401.1(a) of the Act for the primary purpose of enabling him to obtain a narcotic drug which he requires for his personal use because of his addiction to such drug." 9 G.C.A. § 67.401.4(d) (2022).

Lastly, the Court notes that its current decision regarding sentencing for violations of 9 G.C.A. § 67.401.1(a) involving methamphetamine is not new. Historically, the Government has taken the position that on sections 67.401.4(e) and (f) apply to cases involving possession with intent to distribute a Schedule II Controlled Substance where the drug is methamphetamine or an amphetamine-based substance, as they are not classified as a "narcotic" drug under 9 G.C.A. Chapter 67. *See, e.g., People v. Jayson Song,* CF0710-16, Sentencing Memorandum Feb. 6, 2020 ("Because methamphetamine is *not* listed as a Narcotic Drug in Schedule II of the Uniform Controlled Substance Act, the applicable sentencing provisions for Delivery of a *Non-Narcotic* Schedule II Controlled Substance are found in 9 G.C.A. 67.401.4(e) and 9 GCA 67.401.4(f)."); *People v. Mateo,* CF0632-14, People's Sentencing Memorandum, Sept. 3, 2015 (setting forth 9 G.C.A. § 67.401.4(f) as the appropriate sentencing statute in light of the defendant's prior

conviction for a felony drug offense and that the substance the defendant possessed, an amphetamine-based substance, was not a narcotic substance under the relevant language of 9 G.C.A. Chapter 67); *People v. Ah Rum Rose Kim*, CF0603-13, People's Memorandum for Sentencing, Dec. 1, 2014 ("Kim was convicted of three counts of Possession with the Intent to Deliver a Schedule One Controlled Substance under the language of 9 GCA § 67.401.1(a). . . . The relevant sentencing statute is 9 GCA § 67.401.4. As the controlled substances for which Kim was convicted was not a "narcotic" as the term is defined in 9 GCA § 67.101(u), the appropriate subsection is 9 GCA § 67.401.4(e)."); *People v. Bautista,* CF0086-14, Dec. & Order at 3, Nov. 21, 2014 ("As the parties acknowledge, it is plain that 9 GCA 67.401.4(e) sets forth a maximum prison term of five years for possession of an amphetamine-based Schedule II controlled substance with intent to deliver."). The GUCSA was first enacted in 1972, reenacted in 1998,[5] and subsequently amended by the Legislature on several occasions. *See, e.g.,* P.L. 32-163 (May 23, 2014); P.L. 35-5 (Apr. 4, 2019); P.L. 36-089 (Apr. 11, 2022); P.L. 37-113 (Jul. 22, 2024). Throughout these amendments, the Legislature has left sections 67.401.4(e) and (f) intact. Thus, as Defendant sets forth in his Reply, the Legislature "has not sought to exclude methamphetamine [from] the 0-5 years sentencing provision for non-narcotic drugs under 9 G.C.A. § 67.401.4(e)." (Reply at 2). "Methamphetamine is a non-narcotic controlled substance because that is how the legislature chose to categorize it." *Id.* at 3. "Where language of a statute is clear, courts must give effect to the language as written. Courts are not permitted to read into a statute a legislative intent that is contrary to the intent made evident by the statute's plain language. Moreover, the courts may not engraft upon the statute provisions which do not appear in explicit words or by implication from other language in the statute." *State v. Bradshaw,* 81 S.W.3d 14, 20 (Mo. Ct. App. 2002) (internal quotation marks and citations omitted). Thus, as methamphetamine (or an amphetamine-based substance, as charged here) is a controlled substance listed in Schedule II of the Controlled Substances Act and is not a narcotic drug, the sentencing provisions set forth in section 67.401.4(e) and (f) apply.

---

[5] *See* P.L. 24-149 (Mar. 25, 1998).

## CONCLUSION

For the foregoing reasons, the Court hereby finds that the sentencing statute for violations of 9 G.C.A. § 67.401.1(a) involving amphetamine or methamphetamine, non-narcotic drugs, are 9 G.C.A. §§ 67.401.4(e) and (f).

**IT IS SO ORDERED** this 23rd day of April, 2025.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

AG, POSC

Date: 4/23/25 Time: 10:51 am

Antonio A. Cruz

Deputy Clerk, Superior Court of Guam

*People v. Davis*
Case No. CF0332-23
Decision and Order